IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIM MEEHAN                                                                                          PLAINTIFF

v.                                           CIVIL NO. 10-5001

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tim Meehan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on June 6, 2005, alleging an inability to work since December 18, 2004, due to a shattered pelvis sustained in an auto accident, back pain and depression. (Tr. 16, 53).  An administrative hearing was held on March 7, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 215-253).

By written decision dated September 21, 2007, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments:

> hip pain and radiculopathy, status post open reduction and internal fixation of acetabular; osteoarthritis/degenerative arthritis in his lumbar spine; depressive disorder, not otherwise specified (NOS); and methamphetamine abuse (in remission by history).

However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk for two hours and sit for six hours. In addition, the undersigned finds that the claimant can occasionally climb, balance, crawl, stoop, crouch and kneel. Further, the undersigned finds that the claimant is mildly limited in the ability to understand, remember and carry out simple instructions, make judgments on simple work-related decisions and interact appropriately with coworkers, the public and supervisors. The undersigned finds that the claimant is moderately limited in the ability to understand, remember and carry out complex instructions, make judgments on complex work related decisions and respond appropriately to usual work situations and routine work changes. For the purpose of this decision, "mildly limited" indicates slight limitation but that the person can generally function well in a particular area, and "moderately limited" means more than slightly limited but that the person can still perform satisfactorily in the particular area.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a compact assembler, a lamp shade assembler, a fishing reel assembler, a charge account clerk, an addressing clerk and a call out operator. (Tr. 26, 105-111).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 5, 2009. (Tr. 4-7). Subsequently, Plaintiff filed this action.

(Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6,7 ).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520. 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a

AO72A (Rev. 8/82)

"claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff maintained the RFC to perform sedentary work with limitations. In making this RFC determination, the ALJ pointed out that no examining or treating physician opined that Plaintiff was unable to work.[1] (Tr. 23). However, in a letter dated March 21, 2007, Dr. Hanby noted that since Plaintiff's hip surgery in December of 2004, Plaintiff has had some degree of pain. (Tr. 207). Dr. Hanby noted Plaintiff has also had shooting pain, worsened by activity, down his leg and into his foot. As noted in other medical records (Tr. 167), Dr. Hanby also noted that Plaintiff used a cane to walk. A review of the record reveals that no treating or examining physician completed a RFC assessment and due to Plaintiff's apparent need for a cane to walk, as well as medical evidence revealing that Plaintiff has an inability to sit for long periods of time due to pain (Tr. 175, 205), the Court does not find substantial evidence of record to support the ALJ's determination that Plaintiff can perform sedentary work which would require Plaintiff to sit for at least six hours out of an eight-hour work day. Accordingly, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff --including Dr. Hanby– asking the physicians to review

---

[1] The ALJ noted that Plaintiff's counsel reported that Plaintiff's treating physician, Dr. C. Kris Hanby would not complete any forms pertaining to disability. The record contains a letter from Plaintiff's counsel stating the same; however, Dr. Hanby's letter clearly states that he would be happy to answer any questions regarding Plaintiff. (Tr. 206-207).

AO72A
(Rev. 8/82)

Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. Further, the ALJ should specifically ask Dr. Hanby to discuss whether Plaintiff needs a cane to ambulate. Should the ALJ be unable to obtain the necessary information from a treating or examining physician, the Court recommends that the ALJ order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work-related activities for the relevant time period in question. See 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of February 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)